No. 26-3272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────┐
│        FILED            │
│     Apr 6, 2026         │
│ KELLY L. STEPHENS, Clerk│
└─────────────────────────┘
```

SAMUEL RONAN, et al.,                                )
                                                     )
      Plaintiffs-Appellants,                         )
                                                     )
v.                                                   )          O R D E R
                                                     )
FRANK LAROSE, et al.,                                )
                                                     )
      Defendants-Appellees.                          )

Before:  BATCHELDER, LARSEN, and READLER, Circuit Judges.

Plaintiffs Samuel Ronan and Ana Cordero moved the district court for a temporary restraining order and preliminary injunction directing the Ohio Secretary of State and Franklin County Board of Elections members to restore Ronan to the Republican primary ballot for the State of Ohio's Fifteenth Congressional District in time for votes to be cast for him and counted. The district court granted Plaintiffs a temporary restraining order. On April 2, 2026, after holding an evidentiary hearing, the district court vacated its temporary restraining order and denied Plaintiffs a preliminary injunction. It also stayed its dissolution of the temporary restraining order (TRO) until noon today. Plaintiffs filed this appeal on Friday, April 3, 2026, and moved for an injunction pending appeal and for an administrative stay.

We recognize the need for an expedited decision, given that early voting begins in Ohio tomorrow. Having reviewed the record, the pleadings, and the applicable law, we conclude that

Plaintiffs have failed to sustain their burden of showing a likelihood of success on the merits. Therefore, the motion for an injunction pending appeal is **DENIED**, and the request for an administrative stay is **DENIED AS MOOT**.

Samuel Ronan declared his candidacy in the State of Ohio's Fifteenth Congressional District as a Republican.  To become eligible for the ballot, Ronan signed a declaration of candidacy stating:  "I am a member of the Republican Party," and "I further declare that, if elected to said office or position, I will qualify therefor, and that I will support and abide by the principles enunciated by the Republican Party."  R. 31-1, Decl., PageID 1239; *see* Ohio Rev. Code § 3513.07. The declaration also contains a notice that "whoever commits election falsification is guilty of a felony of the fifth degree."  R. 31-1, Decl., PageID 1239.  Sometime after signing this declaration, Ronan posted on Facebook that "Leftists need to infiltrate [R]epublican spaces and primary them" and that's why he is "running as a Repub[l]ican now."  R. 31-2, Exhibit, PageID 1241.  Ronan had previously run for Chair of the Democratic National Committee.  Referencing that campaign, he separately posted a Facebook comment stating, "I believe [I] very clearly mentioned [in the] DNC Chair race that Democrats, if they wanted to govern and regain the trust of Americans, would have to primary Republicans in deep red districts, *as Republicans*. . . .  So, if I am doing anything, it's following the argument I made on that stage."  R. 31-3, Exhibit, PageID 1242 (emphasis added).

As permitted by Ohio law, an Ohio voter then protested Ronan's Republican candidacy. During a March 6, 2026 hearing on the protest, the Franklin County Board of Elections tied two-to-two on whether to remove Ronan from the ballot.  On March 13, the issue was referred to Secretary Frank LaRose for a tie-breaking vote under Ohio Rev. Code § 3501.11(X).

After LaRose broke the tie in favor of the protest, Ronan and one of his supporters filed this suit against LaRose and the members of the Franklin County Board of Elections.  Ronan

alleged that the defendants violated his rights under the First Amendment and the Elections Clause of the U.S. Constitution by excluding him from the ballot based on a purported requirement that he attest to his candidacy in good faith. He also alleged that Meredith Freedhoff, a Board member, violated his due process rights by failing to recuse herself from the protest hearing before the Board of Elections. Ronan then moved for a temporary restraining order and a preliminary injunction to keep his name on the ballot. The district court initially issued a fourteen-day temporary restraining order and ordered expedited discovery; the court held a hearing on the preliminary injunction on April 2, 2026.

After the hearing, the court denied the motion for preliminary injunction and dissolved the temporary restraining order. The court reasoned that Ronan was no longer likely to succeed on the merits based on the additional evidence presented to the court. In particular, the court found that Ronan's First Amendment claim was unlikely to succeed because Ohio law required declarations of candidacy to be made in good faith, and this requirement is constitutional. The court also found that Ronan's Elections Clause and Due Process claims were unlikely to succeed. But rather than dissolve the TRO immediately, the court stayed its ruling and extended the TRO until noon on Monday, April 6, 2026, to allow this court to weigh in on a potential motion for a stay pending appeal. We now decline to grant that temporary relief.

Four factors govern whether we issue an injunction pending appeal: (1) whether the movant is likely to prevail on the merits of the appeal; (2) whether the movant will suffer irreparable harm absent an injunction; (3) whether other interested parties will be harmed if an injunction issues; and (4) where the public interest lies. *A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 917 (6th Cir. 2018) (order). But where, as here, the First Amendment is implicated, only

the first factor generally matters.  *See Fischer v. Thomas*, 52 F.4th 303, 307 (6th Cir. 2022) (per curiam).

*First Amendment*.  We agree with the district court that Ronan is unlikely to show that Ohio Rev. Code § 3513.07 violates the First Amendment.

First, a note about the law in question.  Ohio Rev. Code § 3513.07 requires candidates to sign a declaration of candidacy stating:  "I am a member of the ___ Party," and "I further declare that, if elected to said office or position, I will qualify therefor, and that I will support and abide by the principles enunciated by the ___ Party."  *Id.*  The declaration also contains a notice that "whoever commits election falsification is guilty of a felony of the fifth degree."  *Id.*  While Ohio law permits candidates to change parties based on self-identification, *see State ex rel. Guest v. Husted*, 109 N.E.3d 1229, 1234–35 (Ohio 2018), we agree with the district court that Ohio law requires that change to be made in good faith.  *Cf. Jolivette v. Husted*, 694 F.3d 760, 770 (6th Cir. 2012) (concluding that "the disqualification of an independent candidate based on 'a finding that the candidate's claim to have disaffiliated with a political party was not made in good faith because the candidate is not actually unaffiliated'" (quoting *State ex rel. Livingston v. Miami Cnty. Bd. of Elections*, 963 N.E.2d 187, 192 (Ohio Ct. App. 2011)); *Morrison v. Colley*, 467 F.3d 503, 511 (6th Cir. 2006).

Ronan has not shown that this good-faith requirement facially violates the First Amendment.  A facial challenge is "hard to win" because it can "prevent[] duly enacted laws from being implemented in constitutional ways."  *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024).  We agree with the district court that Ronan has failed to meet his burden to show that signing a declaration of candidacy in good faith "prohibits a substantial amount of protected speech as

compared to its plainly legitimate sweep." *Doe v. Burlew*, 165 F.4th 525, 530 (6th Cir. 2026) (citation modified).

Nor is Ronan likely to show that the good-faith requirement violates the First Amendment as applied to him. "[T]he right to vote in any manner and the right to associate for political purposes through the ballot [are not] absolute"—especially because "states retain the power to regulate their own elections." *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). A look at the facts here shows that the Board removed Ronan because Ronan's own speech disavowed his sworn statement, not, as Ronan claims, because the Board deemed Ronan's policies "unRepublican."

Under our caselaw, we use the *Anderson-Burdick* framework to determine whether a state ballot-access regulation violates the First Amendment. *See Anderson v. Celebrezze*, 460 U.S. 780 (1983); *Burdick*, 504 U.S. at 428; *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 688, 693 (6th Cir. 2015). To apply this framework, "a court must: (1) evaluate whether an election restriction imposes a severe or incidental burden; (2) assess the state's interests in the restriction; and (3) ask if the state's interests make the burden necessary." *Kowall v. Benson*, 18 F.4th 542, 546 (6th Cir. 2021). *But see Daunt v. Benson*, 999 F.3d 299, 323 (6th Cir. 2021) (Readler, J., concurring in the judgment) ("*Anderson-Burdick*'s hallmark is standardless standards.").

First, this ballot-access restriction does not impose a severe burden on Ronan. *See Morrison*, 467 F.3d at 507. The good-faith requirement prevents a candidate from running a sham election in which he self-identifies as a Democrat but tells voters that he is a Republican, or vice versa. That restriction does not prevent Ronan from voting, supporting candidates, endorsing candidates, running for office, or even switching parties. The only requirement is that he switch parties truthfully.

Second, the state has a substantial interest in this restriction. *See id.* at 508. States may protect the fairness and integrity of elections, prevent fraud and corrupt practices, and avoid confusion. *See Burdick*, 504 U.S. at 439–40 ("The State has a legitimate interest in preventing . . . maneuvers" like "party raiding" and may "require that party candidates be members of the party." (citation modified)).

Finally, a good-faith requirement is a reasonable means to achieve the state's interest. *See Morrison*, 467 F.3d at 506. That's especially true in the case before us, which as the district court noted, presents "unique factual circumstance[s]." R. 34, Hearing, PageID 1322. Here, Ronan swore that he was a Republican and would abide by Republican Party doctrine; afterwards he made public statements that the factfinders here could reasonably decide showed that Ronan had made those declarations in bad faith. So Ronan is unlikely to "succeed on his federal constitutional claims because he has not shown that the application of Ohio law's 'good faith' standard . . . violated his constitutionally protected rights as a candidate." *Jolivette*, 694 F.3d at 770 n.4.

*Elections Clause.* Defendants argue that that a candidate for office cannot bring a claim to enforce the Elections Clause. We need not decide that question because even if Ronan can bring this claim, he likely cannot show a constitutional violation. That is true for largely the same reasons that his First Amendment claim fails—the good-faith requirement under Ohio law likely does not exceed constitutional bounds. "States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder." *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) (citing *Burdick*, 504 U.S. at 433). Ronan gives no independent reason why his claim should succeed under the Elections Clause once it has failed under the First Amendment.

No. 26-3272
-7-

*Due Process Clause.* Finally, Ronan is not likely to show that Elections Board member Freedhoff violated his due process rights when she participated in the vote to remove Ronan from the ballot. "[S]tate administrators are assumed to be [people] of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances." *Withrow v. Larkin*, 421 U.S. 35, 55 (1975) (citation omitted). Ronan argues that Freedhoff's position as an official in the Franklin County Republican Party and her connections thereto violated his due process rights to an impartial tribunal. But Ronan conceded that he had no evidence of any personal financial benefit to Freedhoff nor that Freedhoff discussed the protest with the Ohio Republican Party. And he also conceded that Freedhoff had no knowledge of any alleged Ohio Republican Party involvement before the hearing or her vote. Ronan likely cannot show that "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009) (citation omitted).

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: April 06, 2026

 Mr. Mark R. Brown

Mr. Oliver B. Hall

Ms. Jeanine Amid Hummer

Ms. Julie M. Pfeiffer

Mr. Eli Redfern

Mr. Stephen P. Tabatowski

Mr. Mark D. Tucker

Mr. Brian Zagrocki

     Re:  Case No. 26-3272
         *Samuel Ronan, et al v. Frank LaRose, et al*
         Originating Case No. 2:26-cv-00343

Dear Counsel,

   The Court issued the enclosed Order today in this case.

                            Sincerely yours,

                            s/Kelly Stephens

                            Case Management Specialist: Antoinette
                            Direct Dial No. 513-564-7015

cc: Mr. Richard W. Nagel

Enclosure