**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL RONAN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | No. 2:26-cv-343 |
| | : | |
| v. | : | Chief District Judge Sarah D. Morrison |
| | : | |
| FRANK LAROSE, in his official capacity | : | Magistrate Judge S. Courter Shimeall |
| as Secretary of State of Ohio, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS PREISSE, FREEDHOFF, SHUMAKER, AND SEXTON**

Defendants Douglass J. Preisse, Meredith Freedhoff, Jamie L. Shumaker, and Michael E. Sexton, in their official capacities as Members of the Franklin County Board of Elections (collectively, the "BOE Members"), submit their answer and defenses to Plaintiffs' Complaint as follows:

**ANSWER TO THE COMPLAINT'S AVERMENTS**

1.     In response to Paragraph 1 of the Complaint, the BOE Members admit that, on or about February 17, 2026, and while acting in their capacities, , they certified Plaintiff Samuel Ronan as a candidate for the Republican primary election for Ohio's 15th Congressional District.  The remaining allegations contain legal conclusions to which no response is required.  To the extent a response is required, the BOE Members deny the same.

2.     In response to Paragraph 2 of the complaint, the BOE Members admit that Ronan was certified as a candidate for the Republican primary election for Ohio's 15th Congressional District and that he filed declarations pursuant to Ohio Rev. Code § 3513.07.  The BOE Members deny any remaining allegations inconsistent therewith.

3.     In response to Paragraph 3 of the Complaint, the BOE Members deny for lack of

1

sufficient knowledge or information.

4.      In response to Paragraph 4 of the Complaint, the BOE Members admit that Ronan's candidacy was protested by a qualified Republican voter by the name of Marc A. Schare.  The BOE Members deny any remaining allegations inconsistent therewith.

5.      In response to Paragraph 5, the BOE Members admit that the protest challenged Ronan's declarations filed pursuant to Ohio Rev. Code § 3513.07.  The BOE Members deny any remaining allegations in Paragraph 6.

6.      In response to Paragraph 6, the BOE Members admit that counsel for Schare argued at the March 6, 2026 protest hearing that the protest should be sustained because, in part, of declarations that Ronan made pursuant to Ohio Rev. Code § 3513.07.  The BOE Members deny any remaining allegations contained in Paragraph 6.

7.      In response to Paragraph 7 of the Complaint, the BOE Members admit that the referenced letter brief was submitted to the Ohio Secretary of State.  The BOE Members deny any characterization of the letter inconsistent with its plain language.

8.      In response to Paragraph 8 of the Complaint, the BOE Members admit that Schare testified at the March 6, 2026 hearing concerning the preparation and filing of the protest.  The BOE Members deny any remaining allegations.

9.      In response to Paragraph 9 of the Complaint, the BOE Members admit that Schare presented testimony at the protest hearing regarding payment of counsel.  The BOE Members deny any remaining allegations contained in Paragraph 9.

10.      In response to Paragraph 10 of the Complaint, the BOE Members admit that counsel objected to questioning of Schare during the protest hearing.  The BOE Members deny any remaining allegations contained in Paragraph 10.

11.      In response to Paragraph 11 of the Complaint, the BOE Members admit that they were

2

not told who was paying for any of Schare's legal bills in connection with the protest against Schare's candidacy. The BOE Members deny any remaining allegations contained in Paragraph 11 for lack of sufficient knowledge or information.

12. In response to Paragraph 12 of the Complaint, the BOE Members admit that Ronan testified at the March 6, 2026 protest hearing regarding his party affiliation and intent to run as a Republican candidate.  The BOE Members deny any remaining allegations contained in Paragraph 12.

13. In response to Paragraph 13 of the Complaint, the BOE Members admit that Ronan testified at the March 6, 2026 protest hearing concerning his party affiliation and whether he intended to abide by the Republican Party's principles. The BOE Members deny any remaining allegations contained in Paragraph 13.

14. In response to Paragraph 14 of the Complaint, the BOE Members admit that Defendant Freedhoff questioned Ronan during the March 6, 2026 hearing regarding Ronan's prior political statements.  The BOE Members deny any remaining allegations contained in Paragraph 14.

15. In response to Paragraph 15 of the Complaint, the BOE Members admit that Freedhoff raised and discussed statements attributed to Ronan during the March 6, 2026 protest hearing.  The BOE Members deny any remaining allegations contained in Paragraph 15.

16. In response to Paragraph 16 of the Complaint, the BOE Members admit that, prior to the March 6, 2026 protest hearing, Ronan submitted a written request to the BOE Members seeking to disqualify Freedhoff from participating in the protest hearing.  The BOE Members deny any remaining allegations contained in Paragraph 16.

17. In response to Paragraph 17 of the Complaint, the BOE Members admit that Ronan's request to disqualify Freedhoff referenced her role with the Franklin County Republican Party and that organization's previous support of Congressman Mike Carey.  The BOE Members deny any

remaining allegations contained in Paragraph 17.

18. In response to Paragraph 18 of the Complaint, the BOE Members admit that campaign finance records exist reflecting transactions involving the Franklin County Republican Party, the principal campaign committee of Congressman Mike Carey, and the Carey Victory Fund joint fundraising committee. The BOE Members deny any remaining allegations contained in Paragraph 18.

19. In response to Paragraph 19 of the Complaint, the BOE Members admit that the Franklin County Republican Party publicly endorsed Congressman Mike Carey. The BOE Members deny any remaining allegations contained in Paragraph 19.

20. In response to Paragraph 20 of the Complaint, the BOE Members admit that Ronan submitted a written request to dismiss the protest against his candidacy. The BOE Members deny any remaining allegations contained in Paragraph 20.

21. In response to Paragraph 21 of the Complaint, the BOE Members admit that the Board determined that a hearing would proceed on the protest. The BOE Members deny any remaining allegations contained in Paragraph 21.

22. In response to Paragraph 22 of the Complaint, the BOE Members admit that the Franklin County Board of Election vote on the protest resulted in a tie and was forwarded to the Secretary of State pursuant to Ohio law. The BOE Members deny any remaining allegations contained in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, the BOE Members admit that Defendants Preisse and Freedhoff, the two Republican Party-affiliated BOE Members, voted against the motion to deny the protest. The BOE Members deny any remaining allegations contained in Paragraph 23.

24. The BOE Members admit the allegations contained in Paragraph 24 of the Complaint.

25.     In response to Paragraph 25 of the Complaint, the BOE Members admit that the protest was forwarded to the Ohio Secretary of State for a tie-breaking vote.  The remaining allegations contain legal conclusions to which no response is required.  To the extent a response is required, the BOE Members deny the same.

26.     In response to Paragraph 26 of the Complaint, the BOE Members deny for lack of sufficient knowledge or information.

27.     In response to Paragraph 27 of the Complaint, the BOE Members deny for lack of sufficient knowledge or information.

28.     In response to Paragraph 28 of the Complaint, the BOE Members admit that Secretary LaRose, a current State Auditor candidate in the 2026 election, was endorsed by the Ohio Republican Party.  The BOE Members deny any remaining allegations contained in Paragraph 28.

29.     In response to Paragraph 29 of the Complaint, the BOE Members admit that Secretary LaRose resolved the tie vote and directed that Ronan not appear on the ballot as a Republican Party candidate in the 15th Congressional District primary election.  The BOE Members deny any remaining allegations contained in Paragraph 29.

30.     Paragraph 30 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the BOE Members deny the same.

31.     Paragraph 31 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, the BOE Members deny the same.

32.     In response to Paragraph 32 of the Complaint, the BOE Members admit that Ohio Rev. Code § 3513.191(B) contains the quoted language.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, the BOE Members deny the same.

34.    Paragraph 34 of the Complaint contains legal conclusions and characterizations of case law to which no response is required.  To the extent a response is required, the BOE Members deny the same.

35.    Paragraph 35 of the Complaint contains legal conclusions and characterizations of case law to which no response is required.  To the extent a response is required, the BOE Members deny the same.

36.    In response to Paragraph 36 of the Complaint, the BOE Members admit that Ohio Rev. Code § 3513.07 contains the quoted language.

37.    Paragraph 37 of the Complaint contains legal conclusions and statutory characterizations to which no response is required.  To the extent a response is required, the BOE Members deny the same.

38.    The BOE Members deny the allegations contained in Paragraph 38 of the Complaint.

39.    The BOE Members deny the allegations contained in Paragraph 39 of the Complaint.

40.    The BOE Members deny the allegations contained in Paragraph 40 of the Complaint.

41.    The BOE Members deny the allegations contained in Paragraph 41 of the Complaint.

42.    The BOE Members deny the allegations contained in Paragraph 42 of the Complaint.

43.    The BOE Members deny the allegations contained in Paragraph 43 of the Complaint.

44.    In response to Paragraph 44 of the Complaint, the BOE Board Members admit that Ohio Rev. Code § 3511.16 establishes deadlines relating to UOCAVA ballots.

45.    Paragraph 45 of the Complaint contains legal conclusions to which no response is required.

46.    Paragraph 46 of the Complaint contains legal conclusions to which no response is required.

47.	In response to Paragraph 47 of the Complaint, the BOE Members incorporate by reference their responses to Paragraphs 1 through 46 as if fully rewritten herein.

48.	The BOE Members deny the allegations contained in Paragraph 48 of the Complaint.

49.	The BOE Members deny the allegations contained in Paragraph 49 of the Complaint.

50.	The BOE Members deny the allegations contained in Paragraph 50 of the Complaint.

51.	In response to Paragraph 51 of the Complaint, the BOE Members incorporate by reference their responses to Paragraphs 1 through 46 as if fully rewritten herein.

52.	The BOE Members deny the allegations contained in Paragraph 52 of the Complaint.

53.	The BOE Members deny the allegations contained in Paragraph 53 of the Complaint.

54.	In response to Paragraph 54 of the Complaint, the BOE Members incorporate by reference their responses to Paragraphs 1 through 46 as if fully rewritten herein.

55.	The BOE Members deny the allegations contained in Paragraph 55 of the Complaint.

56.	The BOE Members deny the allegations contained in Paragraph 56 of the Complaint.

57.	The BOE Members deny the allegations contained in Paragraph 57 of the Complaint.

58.	The BOE Members deny the allegations contained in Paragraph 58 of the Complaint.

The BOE Members deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1.	Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2.	Plaintiffs' claims are barred, in whole or in part, because the BOE Members acted in accordance with applicable constitutional, statutory, and regulatory authority.

3.	Plaintiffs lack standing to assert one or more claims alleged in the Complaint.

4.	Plaintiffs' claims are barred by mootness and/or ripeness doctrines.

5.      The BOE Members are entitled to sovereign immunity, qualified immunity, statutory immunity, and all other applicable immunities and defenses.

6.      Plaintiffs have failed to establish any constitutional violation.

7.      Plaintiffs are not entitled to declaratory or injunctive relief.

8.      The BOE Members reserve the right to add additional affirmative defenses for which discovery reveals a basis.

**WHEREFORE**, the BOE Members respectfully request that the court:

I.      Enter judgment in the BOE Members' favor;

II.     Award the BOE Members their reasonable costs and fees, including attorneys' fees; and

III.    Grant the BOE Members such other relief as the Court may deem equitable.

Respectfully submitted,

**SHAYLA D. FAVOR**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

*s/ Brian D. Zagrocki*
Brian D. Zagrocki (0101970)
Jeanine A. Hummer (0030565)
        Trial Attorney
Eli F. Redfern (0103481)
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio 43215-6318
(614) 525-7236 (P)/(614) 525-6012 (F)
bzagrocki@franklincountyohio.gov
jhummer@franklincountyohio.gov
eredfern@franklincountyohio.gov
*Counsel for Defendants Preisse, Freedhoff, Shumaker, and Sexton*

8

**CERTIFICATE OF SERVICE**

This is to certify that, on Wednesday, May 13, 2026, a true and accurate copy of the

foregoing was served on all counsel of record via operation of the Court's electronic filing system.

_s/ Brian D. Zagrocki_
Brian D. Zagrocki (0101970)