**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL RONAN, *et al.*,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **FRANK LAROSE, *et al.*,** <br><br> **Defendants.** | : : : : : : : : : | **Case No. 2:26-cv-00343** <br> **Chief Judge Sarah D. Morrison** <br> **Magistrate Judge S. Courter M. Shimeall** |

**PRELIMINARY PRETRIAL ORDER**

This matter is before the Court on the parties' "Joint Motion to Set Case Schedule" (ECF No. 63). The Motion (ECF No. 63) is **GRANTED**. The Court sets the following case schedule:

**Rule 26(a)(1) Initial Disclosures**

The parties have agreed to make initial disclosures by **October 25, 2026**.

**Jurisdiction and Venue**

There are contested issues related to venue or jurisdiction. Defendant-LaRose and Defendant-Freedhoff, Defendant-Preisse, Defendant-Shumaker, and Defendant-Sexton contest this Court's jurisdiction in that Plaintiffs' claims are now moot and no live Article III controversy exists.

The parties agree that any motion related to venue or jurisdiction shall be filed by **December 1, 2026**.

**Amendments to Pleadings and/or Joinder of Parties**

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **August 29, 2026**.

**Motions**

The following motions are pending:

- Defendant LaRose's Motion to Dismiss, filed March 26, 2026 (ECF No. 24).
- Plaintiff's Motion to Amend Complaint (ECF No. 57).

**Allegations in the Pleadings and Jury Demand**

This is an action under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, and the federal Elections Clause in Article I of the Constitution, for declaratory and injunctive relief based on Plaintiff-Ronan's removal from Ohio's May 2026 congressional Republican primary ballot by Defendants.

There is no jury demand.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **January 31, 2027**. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call in number.

For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties do not anticipate the production of ESI.

The parties do not intend to seek entry of a protective order or clawback agreement.

**Expert Disclosures**

Primary expert reports, if there are any, must be produced by **January 1, 2027**. Rebuttal expert reports, if there are any, must be produced by **January 15, 2027**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Dispositive Motions**

Case dispositive motions must be filed by **March 1, 2027**.

**Settlement**

Plaintiff shall make a settlement demand by **September 10, 2026**. Defendants shall respond by **September 24, 2026**. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **February 2027**. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule. All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay. In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**