**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL RONAN, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | No. 2:26-cv-343 |
| | : | |
| v. | : | Chief District Judge Sarah D. Morrison |
| | : | |
| FRANK LAROSE, in his official capacity as Secretary of State of Ohio, *et al.*, | : | Magistrate Judge S. Courter Shimeall |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS PREISSE, FREEDHOFF, SHUMAKER, AND SEXTON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendants Douglass J. Preisse, Meredith Freedhoff, Jamie L. Shumaker, and Michael E. Sexton, in their official capacities as members of the Franklin County Board of Elections (the "BOE Members"), oppose Plaintiffs' motion to amend their complaint. The challenged decisions affected only Ronan's eligibility for the completed 2026 primary, so the proposed claims are moot. Further, the proposed amendment does not bring this case within the capable-of-repetition exception because it does not allege that the unique circumstances producing Ronan's 2026 disqualification will recur. Alternatively, the proposed due process claim does not allege facts showing a constitutionally intolerable risk of bias. The Court should deny leave to amend or, at a minimum, deny leave as to Count III and its related requests for relief.

## I. BACKGROUND

Plaintiff Samuel Ronan filed a declaration of candidacy seeking placement on the Republican Party primary ballot for Ohio's 15th Congressional District. (Compl. ¶ 1, Dkt. 1 at PageID 1-2.) In that declaration, Ronan affirmed under oath that he was a member of the Republican Party and that, if elected, he would support and abide by its principles. (Compl. ¶ 2,

Dkt. 1 at PageID 2.) On February 17, 2026, the four-member Franklin County Board of Elections (the "BOE") certified Ronan as a candidate. (Compl. ¶¶ 1-2, Dkt. 1 at PageID 1-2.)

Three days later, Marc Schare filed a protest alleging that Ronan had misrepresented his party affiliation. (Compl. ¶ 4, Dkt. 1 at PageID 2.) The protest relied on Ronan's public statements criticizing the Republican Party and encouraging Democrats to run in Republican primaries. (Compl. Ex. A, Dkt. 1 at PageID 18-22.)

Before the hearing on the protest, Ronan asked Board Member Meredith Freedhoff to recuse herself based on her role as chair of the Franklin County Republican Party and the party's support for his opponent, Congressman Michael Carey. (Compl. ¶¶ 15-16, Dkt. 1 at PageID 5.) Board Member Freedhoff declined to recuse herself, finding no valid grounds for disqualification. (Compl. ¶ 6, Dkt. 1 at PageID 2.)

On March 6, 2026, the BOE held a hearing on the protest of Ronan's candidacy. (Compl. ¶ 6, Dkt. 1 at PageID 2.) After hearing testimony, the Board's vote on the motion to deny the protest resulted in a two-to-two tie. (Compl. ¶ 22, Dkt. 1 at PageID 6.) The Board referred the tie to Secretary of State LaRose, who sustained the protest on March 19, 2026 and revoked Ronan's certification for the May 5, 2026 primary. (Compl. ¶¶ 25, 29, Dkt. 1 at PageID 6-7.)

Plaintiffs Ronan and Cordero, one of Ronan's supporters, filed this action on March 20, alleging violations of their speech, association, and voting rights, the Elections Clause, and due process. (*See generally* Compl., Dkt. 1.) The original due process claim challenged Board Member Freedhoff's refusal to recuse herself. (Compl. ¶¶ 54-58, Dkt. 1 at PageID 13.) Plaintiffs also sought emergency relief restoring Ronan to the primary ballot. (Mot. for Emergency Relief, Dkt. 2 at PageID 49-51.)

This Court initially granted a temporary restraining order but later denied a preliminary injunction after the April 2, 2026 hearing and dissolved the temporary restraining order. (Temporary Restraining Order, Dkt. 10 at PageID 90-92; Opinion and Order Denying Preliminary Injunction, Dkt. 36 at PageID 1333-59.) In its written decision, the Court emphasized that the case turned on Ronan's statements after he signed his declaration of candidacy. (Opinion and Order Denying Preliminary Injunction, Dkt. 36 at PageID 1333, 1350.) The Court explained that he had described a strategy of running Democrats as Republicans in Republican-leaning districts and that those statements directly contradicted his sworn declaration of Republican affiliation. (Opinion and Order Denying Preliminary Injunction, Dkt. 36 at PAGEID 1350.) The Court distinguished that evidence from Ronan's older statements or political ideology, explaining that reliance solely on those matters would have produced a different outcome. (Opinion and Order Denying Preliminary Injunction, Dkt. 36 at PAGEID 1350.) The Sixth Circuit denied emergency relief on April 6, 2026, and the Supreme Court denied an injunction pending appeal on April 9, 2026. (Sixth Circuit Order, Dkt. 37 at PageID 1360-66; *Ronan v. LaRose*, No. 25A1096 (U.S. Apr. 9, 2026).)

The May 5, 2026 primary proceeded without Ronan. Plaintiffs later moved to dismiss their Sixth Circuit appeal as moot and asked that court to vacate this Court's preliminary-injunction ruling; the Sixth Circuit dismissed the appeal but declined to vacate. (Sixth Circuit Order, Dkt. 45 at PageID 1388-89.)

On August 29, 2026, Plaintiffs moved for leave to amend the Complaint. (Mot. for Leave, Dkt. 57 at PageID 1415-30.) In the Proposed Amended Complaint, they allege that Ronan intends to run in the 2028 Republican primary on the same political platform and that Cordero intends to vote for him. (Proposed Am. Compl. ¶¶ 37–39, Dkt. 57-1 at PageID 1439.) They also allege that Defendants' actions expose Ronan to a substantial risk of future criminal prosecution for election

falsification. (Proposed Am. Compl. ¶ 42, Dkt. 57-1 at PageID 1439.) Plaintiffs further allege that Preisse contributed to Carey's campaign and expand their due process claim to challenge his participation in the protest hearing. (Proposed Am. Compl. ¶¶ 20, 89–91, Dkt. 57-1 at PageID 1435-36; 1449.) The Proposed Amended Complaint seeks declarations concerning the 2026 disqualification and hearing, injunctions governing future ballot access and protest hearings, and attorney's fees and costs. (Proposed Am. Compl., Dkt. 57-1 at PageID 1449-50.)

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that the court "should freely give leave when justice so requires," but leave may be denied when the amendment would be futile. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). Here, amendment would be futile because the proposed claims remain moot. Alternatively, Count III fails to state a viable due-process claim against the BOE Members.

### A. The Claims Arising from the 2026 Primary Election are Moot.

The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 727, 184 L. Ed. 2d 553 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93, 130 S. Ct. 576, 580, 175 L. Ed. 2d 447 (2009)).

The 2026 primary is over, and the challenged decisions governed only Ronan's eligibility for that election. No order can now place him on the 2026 ballot or allow Cordero to vote for him in that primary. Plaintiffs seek no damages, and their request for attorney's fees cannot keep an otherwise moot case alive. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) ("This

interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"). The claims concerning the 2026 disqualification and protest hearing are therefore moot.

The remaining question is whether the capable-of-repetition-yet-evading-review exception applies. It requires both that "the challenged action must be too short in duration for the parties to fully litigate it before it becomes moot" and "a reasonable expectation that the same complaining party will be subject to the same action again." *Thompson v. DeWine*, 7 F.4th 521, 524–26 (6th Cir. 2021). Even assuming the first element, Plaintiffs must establish the second.

A theoretical possibility of recurrence is not enough, and a case "is not capable of repetition if it is based on a unique factual situation." *Id.* at 525 (quoting *Memphis A. Philip Randolph Institute v. Hargett*, 2 F.4th 548, 560 (6th Cir. 2021). That rule controls here. The Court described the case as limited to its "unique facts." (Opinion and Order Denying Preliminary Injunction, Dkt. 36 at PageID 1350.) Those facts were not merely that Ronan held political views outside the Republican mainstream. They involved a specific sequence: Ronan signed a sworn declaration of Republican affiliation and later described a strategy of running Democrats as Republicans. *Id.*

The Court emphasized that the later statement directly conflicted with Ronan's declaration. *Id.* It also explained that the outcome would have been different if officials had relied only on his older statements, his political ideology, or a more ambiguous statement. *Id.* Thus, recurrence requires some basis to expect another post-declaration statement that materially contradicts a new declaration—not merely another candidacy or repetition of Ronan's political views.

The proposed complaint supplies no such basis. It alleges that Ronan intends to run in 2028 and repeat the same political and ideological messages. (Proposed Am. Compl. ¶¶ 37–39, Dkt. 57-1 at PageID 1439.) It does not allege that, after filing a new declaration, he will again describe a

strategy of running Democrats as Republicans or otherwise make a statement that materially contradicts the declaration.

The alleged prosecution risk does not change the analysis. The proposed complaint identifies no threatened charge, pending referral, warning, or other fact showing a credible threat of enforcement. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). More importantly, it does not allege that Ronan intends to repeat the post-declaration conduct on which the 2026 decision rested. A conclusory allegation of future prosecution cannot establish that the same injury is reasonably expected to recur.

The due process theory fares no better under the exception. Count III challenges Freedhoff's and Preisse's participation in the completed 2026 hearing based on contributions and party relationships connected to that proceeding. (Proposed Am. Compl. ¶¶ 14–21, 89–91, Dkt. 57-1 at PageID 1434-36, 1449.) The Proposed Amended Complaint does not allege that another protest will be heard by the same members under the same alleged conflicts. Ronan's intent to run again does not establish a reasonable expectation of another allegedly biased hearing.

Because the proposed allegations do not show a reasonable expectation that any challenged injury will recur, the capable-of-repetition exception does not apply. The proposed claims remain moot, and amendment would be futile.

**B. The Proposed Due Process Claim Also Fails on the Merits**

If the Court reaches the merits, it should deny leave to retain Count III because the proposed amendment does not cure either defect this Court identified in the due process claim. The Due Process Clause protects against deprivation of a protected life, liberty, or property interest without "fair procedure." *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Candidates generally have no protected interest in an elected position, *see Newsom v. Golden*, 602 F. Supp. 3d 1073, 1083 (M.D. Tenn. 2022) (collecting cases), and even if Ohio law creates an

entitlement to ballot access, that entitlement is limited to candidates who comply with Title 35 of the Ohio Revised Code. Ronan therefore has no protected interest in appearing on the Republican ballot while stating that he was doing so to infiltrate the party. (Opinion and Order Denying Preliminary Injunction, Dkt. 36 at PageID 1355.) The proposed amendment adds no allegation that changes that threshold analysis.

The proposed allegations also do not show constitutionally inadequate process. Due process requires a fair tribunal, but recusal is constitutionally required only in an extraordinary situation in which the probability of actual bias "is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–87 (2009). Adjudicators are presumed honest and impartial. *Johnson v. Morales*, 946 F.3d 911, 918 (6th Cir. 2020). Generalized assumptions of possible interest based on connections to interested parties do not overcome that presumption. *Schweiker v. McClure*, 456 U.S. 188, 195–97 (1982). Political party association alone does not create a constitutionally intolerable risk of bias, and Ohio law expressly contemplates partisan balance on boards of elections. *See* Ohio Rev. Code § 3501.09. Absent personal involvement in the matter being decided, political connections do not overcome the presumption of neutrality.

The proposed allegations still show political support and party relationships, not the extraordinary risk of bias required by due process. Plaintiffs allege that Freedhoff contributed $500 to Carey's 2024 campaign and that Preisse contributed $1,000 to his 2026 campaign, along with party contributions, endorsements, and the Ohio Republican Party's funding of the protest. (Proposed Am. Compl. ¶¶ 14–21, Dkt. 57-1 at PageID 1434–36.) But the personal contributions flowed from the BOE Members to Carey; they were not payments from an interested litigant to the decisionmakers. Plaintiffs allege no personal financial interest in the protest's outcome, no

benefit to either member from the result, and no facts showing that either member directed or controlled the party's funding of the protest. The alleged failure to disclose the contributions does not supply the missing personal involvement. Adding Preisse and further details of political support therefore does not cure Count III.

## III. CONCLUSION

The BOE Members request that the Court deny Plaintiffs' motion for leave to amend as futile because the proposed claims remain moot. Alternatively, the Court should deny leave to retain Count III and the related requests for declaratory and injunctive relief in paragraphs D and E of the prayer because the proposed due process claim fails on the merits.

Respectfully submitted,

**SHAYLA D. FAVOR**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

*s/ Brian D. Zagrocki*
Brian D. Zagrocki (0101970)
Jeanine A. Hummer (0030565)
Trial Attorney
Eli F. Redfern (0103481)
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio 43215-6318
(614) 525-7236 (P)/(614) 525-6012 (F)
bzagrocki@franklincountyohio.gov
jhummer@franklincountyohio.gov
eredfern@franklincountyohio.gov
*Counsel for Defendants Preisse, Freedhoff, Shumaker, and Sexton*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was served on all counsel of record on September 21, 2026 by operation of the Court's CM/ECF system.

*s/ Brian D. Zagrocki*
Brian D. Zagrocki (0101970)