**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL RONAN, *et al.*,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Case No. 2:26-cv-343** |
| | : | **Chief Judge Sarah D. Morrison** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **FRANK LAROSE, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

This matter is before the Court on Plaintiffs Samuel Ronan's and Ana Cordero's Motion to Amend Complaint. (ECF No. 57.) Plaintiffs originally brought this action to prevent Defendants from removing Mr. Ronan's name from Ohio's May 5, 2026, primary ballot. Plaintiffs seek leave to amend their pleading "to account for changed circumstances now that the May 5, 2026 primary election has passed," including that Mr. Ronan intends to run for office in future Republican primary elections in Ohio, and Ms. Cordero intends to vote for him. (*Id.* at PAGEID #: 1416.) Plaintiffs also contend that amendment is warranted due to "newly discovered historical evidence" supporting Plaintiffs' claims. (*Id.*) Defendants oppose Plaintiffs' request on futility grounds, arguing that Plaintiffs' claims are moot or fail on the merits. (ECF No. 66, 67.)

For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion (ECF No. 57).

Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal

policy of permitting amendments to ensure the determination of claims on their merits" (internal citation and quotations omitted)). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits" of those claims, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *See Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course here would be to permit Plaintiffs to amend their Complaint, with the understanding that Defendants remain free to challenge the claims asserted in the Amended Complaint through a motion to dismiss. *See Durthaler*, 2011 WL 5008552, at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F.

Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

Moreover, Plaintiffs' motion was filed before any deadline for amendment of the pleadings, and the Court otherwise finds no undue delay on Plaintiffs' part. Finally, despite substantial preliminary proceedings, this case remains at an early procedural stage. The Court therefore finds that the proposed amendment would not substantially prejudice Defendants. *See, e.g.*, *Penn v. Sullivan Cty.*, No. 2:22-CV-129-KAC-CRW, 2023 WL 11898954, at *2 (E.D. Tenn. Apr. 4, 2023) (granting leave to amend under Rule 15(a)(2) when the case was "still in the early stages of litigation" and there was no "no evidence of bad faith")

Accordingly, Plaintiffs' Motion to Amend Complaint (ECF No. 57) is **GRANTED**. The Clerk is **DIRECTED** to detach ECF No. 57-1 and file it separately on the docket.

**IT IS SO ORDERED.**

*<u>/s/ S. Courter M. Shimeall</u>*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**